## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

ESWALD M. FERTIL
YOUSELINE PERICLES FERTIL                    CASE NO.: 3:08-bk-06209-PMG

                    Debtors

_____/

ESWALD M. FERTIL
YOUSELINE PERICLES FERTIL

           Plaintiffs                    Adv. No. 3:10-ap-_____ -JAF

   v.

CHASE HOME FINANCE, LLC

         Defendant

_____/

### COMPLAINT

ESWALD M. FERTIL and YOUSELINE PERICLES FERTIL (the "Plaintiffs") sue

CHASE HOME FINANCE, LLC ("Chase") for violations of Title 11 of the United States Code,

and would state:

### INTRODUCTION

1.    This is an action for damages filed by the debtors pursuant to Section 362 of the

Bankruptcy Code and Rules 7001 & 2016 of the Federal Rules of Bankruptcy Procedure

and for injunctive relief to prohibit future violations of the Bankruptcy Code, and for an

accounting of all funds CHASE has received from the estate on account of the note and

mortgage that are the subject of this adversary proceeding.

2.    This action is also filed to enforce and to implement provisions of the Confirmed Chapter

11 Plan and other Bankruptcy Code provisions and Rules related thereto.

## JURISDICTION AND VENUE

3.    Jurisdiction is conferred on this Court pursuant to the provisions of Sections 157 and 1334 of Title 28 of the United Stated Code, and Sections 362 and 1141 of the Bankruptcy Code, and Rules 7001 and 2016 of the Bankruptcy Rules.

4.    This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

5.    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

6.    The Plaintiffs in this adversary are the Debtors in the Chapter 11 case currently pending before the Court styled *In re Fertil,* 3:08-bk-06209-PMG (the "Main Case").

7.    The Defendant, CHASE, is a foreign corporation with its principal place of business located at 3415 Vision Dr., Columbus, OH 43219. CHASE is the mortgage servicer of the note and mortgage that is the subject of this adversary proceeding.

## FACTUAL ALLEGATIONS

8.    Prior to the commencement of the Chapter 11, the Plaintiffs executed a mortgage in favor of CHASE for the principal amount of $132,609.00 to purchase the home located at 2875 Sans Pariel St., Jacksonville, Florida (the "Home").

9.    The note was originally set up as a 15 year fixed rate loan with interest of 5.50% over the term of the loan.

10.    After the purchase, the Plaintiffs began to fall behind on mortgage payments. In an attempt to save their Home from foreclosure, the Plaintiffs filed the Main Case on October 8, 2008.

11.    CHASE filed Proof of Claim # 7 in the Chapter 11 case of the Plaintiffs. Proof of Claim #7 claimed a principal balance of $98,811.05 with a total claim, as a result of arrears, of $101,928.49.

12.    On July 16, 2009, the Plaintiffs filed their Amended Plan of Reorganization, which proposed to pay CHASE the value of the mortgage lien with 4.5% interest over a period of 360 months from the effective date of the Plan as designated in Class 5. Since the home was not protected by the anti-modification provisions of 11 U.S.C. § 1127(b)(5), the Plan proposed to modify the rights of CHASE as the holder of a secured claim by changing the amortization period, the interest rate and the application of the payments. A copy of the Plan of Reorganization is attached as Exhibit 1.

13.    CHASE was represented by counsel (Peggy M. Ballweg of Florida Default Law Group) in the Chapter 11 case of the Plaintiffs.

14.    CHASE did not file a ballot in the Chapter 11 Case rejecting the Plan, but instead fought the Confirmation of the Plan and objected to the value assigned to Class 5.

15.    On February 2, 2010, the Court after notice and hearing, entered its Order Confirming Debtors' Plan of Reorganization dated July 16, 2009 (the "Confirmation Order"). The Court also granted the sec. 1129(b) motion related to Class 5. That Order treated the claim of the Defendant as valued at $205,000.00. This meant that the Claim of Chase was fully secured, but that the interest rate, term and payment amount were changed as per the terms of the Plan. As a result of the Confirmation Order, the monthly payments were set by the Court as principal and interest payments of $516.45 and $386.17 for taxes and insurance for a total payment of $902.62. A copy of the Confirmation Order is attached as Exhibit 2.

16.    CHASE has continuously misapplied the payments since the entry of the Court's Confirmation Order in violation of the automatic stay provisions of the Bankruptcy Code.

17.    CHASE has never credited the account of Fertil the correct payment as required by the Confirmation Order. Specifically, the Confirmation Order required the application of the payments as principal and interest. However, the payments made by the Plaintiffs after the Confirmation Order and as applied by CHASE have been placed in a suspense account, applied to due dates over one year old and applied in the amount of $1,421.04 and not as ordered by the Court. A copy of the latest transaction history from CHASE is attached as Exhibit 3.

18.    The result of the misapplication of the payments and violation of the Court's Confirmation Order is that the principal balance of the Plaintiffs has not been reduced as required by the Confirmation Order and the escrow account currently has a negative balance.

19.    CHASE willfully failed to credit payments from the Fertil as required by the Confirmation Order, the Bankruptcy Code and the Bankruptcy Rules.

20.    Plaintiffs reserve the right to amend this Complaint to allege additional causes of action as well as add additional parties as evidence obtained during discovery may allow.

**COUNT I**
**STAY VIOLATION – 11 U.S.C § 362**

21.    The Plaintiffs incorporate and re-allege the allegations contained in the factual allegations above.

22.    The payments by the Plaintiffs to CHASE constitute property of the estate pursuant to 11 U.S.C. § 1115.

23.    To the extent that CHASE misapplied the payments on the mortgage account (estate property) to pay for corporate advances, fees and/or other non-approved charges, it has violated the automatic stay provisions of the Bankruptcy Code. Such charges were not approved by or provided for in the Court's Order Confirming Amended Plan of Reorganization.

24.    To the extent that CHASE misapplied the payments (estate property) on the mortgage account in contravention of the terms of the original mortgage between the parties and the Court's Confirmation Order, it has violated the automatic stay provisions of the Bankruptcy Code. Such changes were not approved by or provided for in the Court's Order Confirming Amended Plan of Reorganization.

25.    In bringing this action for violation of the automatic stay, Plaintiffs have incurred attorneys' fees and costs in addition to the injunctive relief allowed under 11 U.S.C. §362. Plaintiffs are entitled to an award of actual damages, punitive damages and reasonable attorneys' fees and costs under 11 U.S.C. § 362(k).

**COUNT II**

**VIOLATION OF TERMS OF CONFIRMED PLAN - 11 U.S.C. § 1141**

26.    The Plaintiffs re-allege the allegations contained in the Factual Allegations above.

27.    To the extent that the Defendant applied estate funds in contravention of the terms of the Confirmed Plan, it has violated 11 U.S.C. § 1141 and the Order of Confirmation in the Chapter 11 case.

28.    Defendant is liable to the Plaintiffs for the misapplication of the estate funds due the increased principal balance on the loan and extra interest paid by the Plaintiffs as a result of the actions by the Defendant.

**RELIEF REQUESTED**

Plaintiffs respectfully requests that this Court:

1.    Enter Judgment against CHASE;

2.    Find CHASE in violation of 11 U.S.C. § 362 and orders of this Court and award actual damages and punitive damages if appropriate;

3.    Order an accounting against CHASE requiring full accounting of any and all funds received and distributed from and to any source relating to the Note and Mortgage;

4.    Find CHASE liable for any attorneys' fees and costs associated with bringing this adversary pursuant to 11 U.S.C. § 362(k);

5.    Find that CHASE has violated the terms of the Confirmed Plan and 11 U.S.C. § 1141;

6.    Any and all other relief the Court deems necessary and just.

Dated this ____ day of May, 2010.

LAW OFFICES OF MICKLER & MICKLER

By:_____
      Bryan K. Mickler
Florida Bar No. 091790
Attorney for Plaintiffs
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
(904) 725-0855 FAX
bkmickler@planlaw.com

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:      ESWALD M. FERTIL
              YOUSELINE PERICLES FERTIL

---

Case No.: 3:08-bk-06209-PMG
Chapter 11 Individual Case

Debtors

_____/

## AMENDED PLAN OF REORGANIZATION

DATED July 16, 2009

Bryan K. Mickler
Law Offices of Mickler & Mickler
Attorneys for Debtor-in-Possession
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
Florida Bar No. 091790
bkmickler@planlaw.com

# ARTICLE I
## SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of the Debtor from future income of the Debtor derived from rental income generated from the real property that the Debtor owns.

This Plan provides for 8 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01 Class 1.** Priority Tax Claims

Except to the extent that a holder of an allowed priority tax claim agrees to a different treatment, each allowed priority tax claim shall be paid in full, in cash, in equal quarterly installments over a term not to exceed 5 years from the date of order for relief in this case, together with interest at the rate of 6%. Such payments shall commence on the later of the Effective Date of the Plan or the date on which such claim is allowed. The Debtor reserves the

option to prepay all or a portion of such debt at any time.

**2.02 Class 2.** First Mortgage of Aurora Loan Services on Debtor in Possession's real property located at 6311 Battlegate Road, Jacksonville, Florida.

This Class consists of the Secured Claim of Aurora Loan Services on 6311 Battlegate Road, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL at OR Book 13466, Page 1517. The Debtor will pay the regular payment of $2,177.07 to this creditor each month until the mortgage is paid in full as contemplated by the original loan documents. To the extent that the Debtors are in arrears for pre-petition or post-petition payments to this creditor, that arrearage shall be cured over a period of 60 months from the effective date of the Plan in equal monthly installments.

Class 2 is impaired by the Plan. Each holder of an allowed Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.03 Class 3.** First Mortgage of Bank of America, N.A. on Debtor in Possession's real property located at 641 Reflection Cove Road, Jacksonville, Florida.

This Class consists of the Secured Claim of Bank of America, N.A. on 641 Reflection Cove Road, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL at OR Book 13940, Page 434. The Debtor will value this property at the replacement value of $168,250.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the

foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 3 is impaired by the Plan. Each holder of an allowed Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.04 Class 4.** First Mortgage of Bank of America, N.A. on Debtor in Possession's real property located at 11589 Jerry Adam Drive, Jacksonville, Florida.

This Class consists of the Secured Claim of Bank of America, N.A. on 11589 Jerry Adam Drive, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL at OR Book 14093, Page 1059. The Debtor will value this property at the replacement value of $168,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 4 is impaired by the Plan. Each holder of an allowed Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 Claim shall retain any lien

encumbering real property of the Debtor in Possession.

**2.05 Class 5.** First Mortgage of Chase Home Finance, LLC on Debtor in Possession's real property located at 2875 San Pareil Street, Jacksonville, Florida.

This Class consists of the Secured Claim of Chase Home Finance, LLC on 2875 San Pareil Street, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL at OR Book 11204, Page 554. The Debtor will value this property at the replacement value of $82,725.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 5 is impaired by the Plan. Each holder of an allowed Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.06 Class 6.**

First Mortgage of Wells Fargo Home Mortgage on Debtor in Possession's real property located at 1799 Forest Creek Drive, Jacksonville, Florida.

This Class consists of the Secured Claim of Wells Fargo Home Mortgage on 1799 Forest Creek Drive, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL at OR Book 12249, Page 1481. The Debtor will value this property at the replacement value of $125,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 6 is impaired by the Plan. Each holder of an allowed Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.07 Class 7.** First Mortgage of Central Mortgage Company on Debtor in Possession's real property located at 1650 Hammock Grove Lane, Jacksonville, Florida.

This Class consists of the Secured Claim of Central Mortgage Company on 1650 Hammock Grove Lane, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, FL at OR Book 11860, Page 587. The Debtor will value this property at the replacement value of $120,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders

Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 7 is impaired by the Plan. Each holder of an allowed Class 7 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 7 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.08 Class 8.** First Mortgage of Countrywide Home Loans on Debtor in Possession's real property located at 2818 Eagle Preserve Blvd., Jacksonville, Florida.

This Class consists of the Secured Claim of Countrywide Home Loans on 2818 Eagle Preserve Blvd., Jacksonville, Florida by virtue of a second mortgage recorded in the Public Records of Duval County, FL at OR Book 13088, Page 1681. The Debtor will value this property at the replacement value of $152,175.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Duval County, FL. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

7

Class 8 is impaired by the Plan. Each holder of an allowed Class 8 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 8 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.09 Class 9.** Secured Claims of Homeowner's Association Fees

1. Eagle Hammock HOA for 2818 Eagle Preserve Blvd., Jacksonville, Florida

2. Jacobs Way HOA for 11589 Jerry Adam Drive, Jacksonville, Florida.

3. Kernan Forest Master HOA for 1650 Hammock Grove Lane, Jacksonville, Florida.

4. Kernan Forest Master HOA for 1799 Forest Creek Drive, Jacksonville, Florida.

5. North Creek HOA for 641 Reflection Cove Road, Jacksonville, Florida.

The Debtors will cure any pre and/or post petition arrears on the foregoing homeowners association claims and repay the balance in full, together with interest at the rate of 6%, in equal monthly installments over a period of 36 months from the effective date of this Plan. The Debtor in Possession and lien holder shall execute whatever documents are necessary to effect the modification of the foregoing liens in the Public Records of Duval County, FL.

Class 9 is impaired by the Plan. Each holder of an allowed Class 9 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 9 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.10 Class 10.** Secured Claim of Mike Hogan, Duval County Tax Collector for Property Taxes on the following properties.

1. 6311 Battlegate Road, Jacksonville, Florida.

2. 2875 San Pareil Street, Jacksonville, Florida.

3. 641 Reflection Cove Road, Jacksonville, Florida.

4.      11589 Jerry Adam Drive, Jacksonville, Florida.

5.      1650 Hammock Grove Lane, Jacksonville, Florida.

The Debtors will re-amortize the balances on the above secured claims and repay the balance in full, together with interest at the rate of 18%, in equal monthly installments over a period of 60 months from the effective date of this Plan.

Class 10 is impaired by the Plan. Each holder of an allowed Class 10 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 10 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.11 Class 11.**  Secured Claim of Vystar Credit Union on Debtor in Possession's 2003 Honda Pilot.

The Debtors will re-amortize the balance on the above secured claim and repay the balance in full, together with interest at the rate of 6%, in equal monthly installments over a period of 60 months from the effective date of this Plan.

Class 11 is impaired by the Plan. Each holder of an allowed Class 11 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 11 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**2.12 Class 12.** Wholly Unsecured Second & Third Mortgage Claims

1.      JPMorgan Chase as recorded in OR Book  13466, Page 1545 of the Public Records of Duval County, FL on 6311 Battlegate Road, Jacksonville, Florida.

2.      Bank of America, N.A. as recorded in OR Book 13499  Page 1182 of the Public Records of Duval County, FL on 641 Reflection Cove Road, Jacksonville, Florida.

3.      Bank of America, N.A. as recorded in OR Book 14291  Page 2151 of the Public Records of Duval County, FL on 11589 Jerry Adams Drive, Jacksonville, Florida.

9

4.      Bank of America, N.A.  as recorded in OR Book 13625, Page 2341 of  the Public Records of Duval County, FL on 1799 Forest Creek Drive, Jacksonville, Florida.

5.      Bank of America, N.A. on 11589 Jerry Adam Drive, Jacksonville, Florida. by virtue of a second mortgage recorded in the Public Records of Duval County, FL at OR Book 14093, Page 1079.

6.      Bank of America, N.A. on 2875 San Pareil Street, Jacksonville, Florida by virtue of a second mortgage recorded in the Public Records of Duval County, FL at OR Book 13644, Page 1219.

7.      Bank of America, N.A. on 1650 Hammock Grove Lane, Jacksonville, Florida by virtue of a second mortgage recorded in the Public Records of Duval County, FL at OR Book 12468, Page 6.

The Debtor will value the above secured claims at the replacement value of $0.00 and the claims shall be paid in accordance with general unsecured claims as stated below.

Class 12 is impaired by the Plan. Each holder of an allowed Class 12 claim is entitled to vote to accept or reject the Plan.

**2.13 Class 13**. All unsecured claims (including wholly unsecured second mortgage claims) allowed under § 502 of the Code.

This Class consists of the General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 13 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which the Class 13 claim becomes an allowed claim for full satisfaction

of the unsecured claims. To the extent that the debtor sells or refinances any real property and receives a profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above. The debtor does not anticipate any distributions to the unsecured creditors without sale and/or refinance of real properties.

Class 13 is impaired by the Plan. The holder of any allowed amount of Class 13 claim is entitled to vote to accept or reject the Plan.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtor in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV

11

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

Class 1 - Priority Tax Claims

Impaired- to be paid in equal quarterly installments, with interest of 6%, over a period of time less than 60 months from date of the Order for Relief in this case.

Class 2 - First Mortgage of Aurora Loan Services on 6311 Battlegate Road, Jacksonville, FL.

Impaired - to be valued at the replacement value, together with interest of 4.5%

Class 3 - First Mortgage of Bank of America, N.A. on 641 Reflection Cove Road, Jacksonville, Florida.

Impaired - to be valued at the replacement value, together with interest of 4.5%

Class 4- First Mortgage of Bank of America, N.A. on 11589 Jerry Adam Drive, Jacksonville, Florida.

Impaired - to be reamortized to be valued at the replacement value, together with interest of 4.5%

Class 5 - First Mortgage of Chase Home Finance, LLC on 2875 San Pareil Street, Jacksonville, Florida.

Impaired - to be valued at the replacement value, together with interest of 4.5%

Class 6 - First Mortgage of Wells Fargo Home Mortgage on 1799 Forest Creek Drive, Jacksonville, Florida.

Impaired - to be valued at the replacement value, together with interest of 4.5%

Class 7 - First Mortgage of Central Mortgage Company on 1650 Hammock Grove Lane, Jacksonville, Florida.

Impaired - to be valued at the replacement value, together with interest of 4.5%

Class 8 -First Mortgage of Countrywide Home Loans on 2818 Eagle Preserve Blvd., Jacksonville, Florida.

Impaired - to be valued at the replacement value, together with interest of 4.5%

Class 9 -Secured Claims for Homeowner's Association Fees

Impaired – arrears to be reamortized over 36 months, together with interest of 6%

Class 10 - Property Taxes of Mike Hogan, Duval County Tax Collector on numerous properties

Impaired - to be reamortized over 60 months, together with interest of 18%

Claim 11 - Secured Claim of Vystar Credit Union for 2003 Honda Pilot.

Impaired - to be reamortized over 60 months, together with interest of 6%

Class 12 -Wholly Unsecured Second & Third Mortgage Claims

Impaired - to be valued at $0.00 and paid as general unsecured claim

Claim 13 - General Unsecured Claims

Impaired - to be paid all disposable income over a period of 60 months.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

    1.    Lease between debtors and all tenants currently renting properties on the confirmation date

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII

## GENERAL PROVISIONS

7.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:   N/A

7.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no

stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.07 Corporate Governance. No provisions required by § 1123(a)(6) of the Code.

## ARTICLE VIII

## DISCHARGE

8.01. Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX

## OTHER PROVISIONS

15

Payments to the various Classes under this Plan of Reorganization shall commence twenty (20) days after the date that the Plan of Reorganization becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

Dated this _16_ day of July, 2009.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Office of the United States Trustee, 135 W. Central Blvd., Ste. 620 Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF filing this _16_ day of July, 2009.

Law Offices of Mickler & Mickler

By:_____
     Bryan K. Mickler
Florida Bar No. 091790
Attorneys for Debtor in Possession
5452 Arlington Expressway
Jacksonville, FL 322211
(904) 725-0822
(904) 725-0855 Facsimile

# EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

ESWALD M. FERTIL
YOUSELINE PERICLES FERTIL
    Debtor.

Case No. 3:08:bk-06209-PMG

Individual Chapter 11

\

## ORDER CONFIRMING DEBTORS' AMENDED PLAN OF REORGANIZATION
### (Dated July 16, 2009)

    This case was before the Court on January 4, 2010 for the Confirmation Hearing on

the Debtors' Amended Chapter 11 Plan. The Plan under Chapter 11 of the Bankruptcy Code

dated July 16, 2009, having been transmitted to creditors and equity security holders, and it

having been determined after hearing on notice that the requirements for Confirmation set

forth in 11 U.S.C. 1129(a) and (b) have been satisfied, it is

    **ORDERED**

1. The Debtors' Amended Plan of Reorganization (the "Plan"), as amended in open
   Court, dated July 16, 2009, is confirmed. A copy of the Confirmed Plan is attached.

2. The Plan was amended in open Court to include the following:

a. The treatment of Class 2 (Aurora Loan Services on 6311 Battlegate Road,
   Jacksonville, FL) was changed to indicate a regular payment of $1,924.00 per month
   to the creditor per a modification agreement;

b. The treatment of Class 3 (Bank of America, N.A. on 641 Reflection Cove,
   Jacksonville, FL) was changed to provide for a replacement value of $210,000.00.
   The total of all payments on this claim cannot be less than $233,609.54;

c. The treatment of Class 4 (Bank of America, N.A. on 11589 Jerry Adam Dr.,
   Jacksonville, FL) was changed to provide for a replacement value of $175,000.00.
   The total of all payments on this claim cannot be less than $206,499.95;

d. The treatment of Class 5 (Chase Home Finance LLC. on 2875 Sans Pariel St.,
   Jacksonville, FL) was changed to provide for a replacement value of $205,000.00;

e. The treatment of Class 6 (Wells Fargo Home Mortgage on 1799 Forest Creek Dr., Jacksonville, FL) was changed to provide for a replacement value of $224,000.00;

f. The treatment of Class 8 (Countywide/Bank of America, N.A. on 2818 Eagle Preserve Blvd., Jacksonville, FL) was changed to provide for a replacement value of $167,000.00;

3. The Debtors shall fund the Plan for the applicable commitment period using all disposable income, including any sums received from future tax refunds and/or the refinancing or sale of investment properties during the applicable commitment period. The current disposable income was calculated at $0.00 per quarter. That amount will be paid to unsecured creditors quarterly for the 60 month term of the Plan on a pro rata basis as stated on exhibit "A".

4. The payments to each creditor are set forth on the attached Exhibit "A".

5. The debtor(s) shall be in default under this Order if they fail to make any confirmed plan payments not excused by Court order and do not cure such default within ten (10) days.

6. An order shall be entered lifting the automatic stay as to any creditor upon the filing of an affidavit of default with the Court unless the Debtor(s) have responded within 72 hours of the filing of such affidavit of default with a counter-affidavit or unsown declaration under penalty of perjury to the effect that the most recently due payment was actually made not later than ten (10) days after its due date or within twenty-four hours of the notice.

7. The Debtor(s) is/are ordered to continue quarterly U.S. Trustee fees until such time as the case is converted, dismissed or discharged and a final decree is entered.

8. After confirmation, pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2014(a)(5), the Debtor(s) shall file with the Bankrutpcy Court and shall serve on the United States Trustee a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format proscribed by the United States Trustee. These reports shall include any disbursements made from the sale of any real property. The Debtor(s) shall also attach any closing statements to the quarterly report.

9. The Debtor(s) shall file a notice of filing tax return on the docket of this Chapter 11 case together with a copy of the (redacted) tax return tending to show whether any monies the Debtor receives as a return from overpayment of taxes to the IRS should be computed as disposable monthly income payable to unsecured creditors.

10. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect. This Order imposes an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust that collect payments disbursed under this Plan to credit payments in the manner required by the Plan in accordance with 11 U.S.C. § 524(i).

11. Secured creditors shall retain any lien on property in which the estate has an interest to the extent of the value of such a creditor's interest in the estate's interest in such property. Except as modified by the Plan or this Order, all terms of the loan documents shall remain in full force and effect.

12. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

13. The Debtor(s) is/are not entitled to a discharge in this case until completion of all payments under the Plan.

14. Within ten (10) days from the date of entry of this Order, the Debtor-In-Possession shall transmit a copy of this Order and a copy of this Plan to all creditors and parties in interest.

Dated this _____2_____ day of ~~January~~ _Ebwany_, 2010 at Jacksonville, Florida

_____
PAUL M. GLENN
Chief United States Bankruptcy Judge

Copies to:
Bryan K. Mickler, Debtor's Counsel
U.S. Trustee
All interested parties

In Re Fertil Payment Schedule
3:08-bk-06209-PMG
All Payments to commence within 20 days of effective date of Plan

| Class | Creditor | Property | Payment Amount/Schedule |
|---|---|---|---|
| 1 | Priority Tax | $0.00 | $0.00 |
| 2 | Aurora Loan Services, 10350 Park Meadows Dr., Littleton, CO 80124 Acct # 3640033135260 | 6311 Battlegate Dr., Jacksonville, FL | $1,924.00 – per modification no arrears |
| 3 | Bank of America, 475 CrossPoint Pkway, P.O. Box 9000 Getzville, NY 14068 Acct#1336920689830 | 641 Reflection Cove, Jacksonville, FL | $1,064.04 principal and interest plus $0.00 (paid directly) tax and insurance escrow for a total payment of $1064.04 |
| 4 | Bank of America, 475 CrossPoint Pkway, P.O. Box 9000 Getzville, NY 14068 Acct#1336411436642 | 11589 Jerry Adams, Jacksonville, FL | $886.70 principal and interest plus $0.00 (paid directly) tax and insurance escrow for a total payment of $886.70 |
| 5 | CHASE HOME FINANCE LLC Department G7 3415 Vision Drive Columbus, OH 43219 Acct #1793089218 | 2875 Sans Pariel, Jacksonville, FL | $516.45 principal and interest plus $386.17 tax and insurance escrow for a total payment of $902.62 |
| 6 | WELLS FARGO BANK, NA 1 Home Campus, Bankruptcy Payment Processing, MAC X2302-04C Des Moines, IA 50328 Acct #7080141908194 | 1799 Forest Creek, Jacksonville, FL | $1,134.98 principal and interest plus $391.17 tax and insurance escrow for a total payment of $1,526.15 |
| 7 | Central Mortgage Co., 801 John Barrow Rd, #1, Little Rock, Arkansas 72205 Acct #4102519757 | 1650 Hammock Grove, Jacksonville, FL | $608.03 principal and interest plus $372.92 tax and insurance escrow for a total payment of $980.95 |
| 8 | Countrywide Home | 2818 Eagle Preserve, | $846.17 principal |

|  |  |  |  |
|---|---|---|---|
|  | Loans Servicing, L.P. 2270 Lakeside Boulevard - Mail Stop: RLS-4-32 Richardson, TX 75082 Acct #116708461 | Jacksonville, FL | and interest plus $372.92 tax and insurance escrow for a total payment of $1,219.09 |
| 9 | HOA Claims |  | Regular payments and cure of any arrears within 36 months |
| 10 | Mike Hogan Tax Collector, 231 E. Forsyth St., #130, Jacksonville, FL 32202 | Property Taxes | $501.95 per month for 60 months |
| 11 | Vystar Credit Union, P.O. Box 45085, Jacksonville, FL 32232 Acct# | 2003 Honda Pilot | $113.84 per month for 60 months |
| 12 | Partially Secured Second Mortgage Claims | | |
|  | POC #23 - Bank of America, 475 CrossPoint Pkway, P.O. Box 9000 Getzville, NY 14068 Acct#68211064043399 | 2875 Sans Pariel, Jacksonville, FL | $522.25 per month for 360 months |
|  | POC #21 - Bank of America, 475 CrossPoint Pkway, P.O. Box 9000 Getzville, NY 14068 Acct#68211063886799 | 1799 Forest Creek, Jacksonville, FL | $179.55 per month for 360 months |
| 13 | Unsecured Creditors | All future tax refunds and potential income from sales and refinancing of investment properties | Pro-Rata over 60 months |

EXHIBIT "A"

# EXHIBIT 3

REAL ESTATE LOANS
CHASE HOME FINANCE LLC
HISTORY SUMMARY STATEMENT

THE FOLLOWING HISTORY INFORMATION IS BEING PROVIDED
FOR HISTORICAL PURPOSES:

| | | |
|---|---|---|
| ESWALD M. FERTIL | LOAN DATE | 06/23/03 |
| YOUSSELINE P. FERTIL | MATURITY DATE | 08/01/18 |
| 5311 BATTLEGATE RD | PAID TO DATE | 05/01/08 |
| JACKSONVILLE, FL 32258-9426 | NEXT DUE DATE | 06/01/08 |
| | | |
| | INTEREST RATE | 5.50000 |
| | CUR PRIN BALANCE | 98,811.05 |
| LOAN CONTROLS 01 000 000 0000 | ESCROW BALANCE | 1,668.94- |
| LOAN NUMBER  1793089218 | UNAPPLIED FUNDS | 344.38 |
| LOAN TYPE    10 | LATE CHGS DUE | 465.75 |
| | FEES DUE | 389.00 |

| DATE PAID/ PAID TO AND DESCRIPTION | CHASE CODE | ESID | PT | AMOUNT PRINCIPAL OR LATE CHG/FEE | INTEREST OR UNAPPLIED FUNDS | ESCROW OR SUBSIDY |
|---|---|---|---|---|---|---|
| 01/16/08 12/01/07 | | | | 59.91 | | |
| *GENR LT CHRG* | GLTC | | | 59.91 | | |
| 01/17/08 01/01/08 | | | | 1,497.74 | 616.39- | 467.14 | 414.21 |
| PAYMENT | 0011 | | | | | |
| 01/17/08 01/01/08 | | | | 414.21- | 0.00 | 0.00 | 414.21- |
| *GEN ES OD A/R* | GEAD | | | | | |
| 02/11/08 01/01/08 | | | | 62.00 | | | 62.00- |
| *GEN ESC DISB* | GESD | HI01 | | | | |
| 02/11/08 01/01/08 | | | | 62.00 | 0.00 | 0.00 | 62.00 |
| *GEN ES OD A/R* | GEAD | | | | | |
| 02/14/08 02/01/08 | | | | 1,557.66 | 619.22- | 464.31 | 414.21 |
| PAYMENT | 0011 | | | | 59.91- | |
| 02/14/08 02/01/08 | | | | 414.21- | 0.00 | 0.00 | 414.21- |
| *GEN ES OD A/R* | GEAD | | | | | |
| 03/03/08 02/01/08 | | | | | | |
| ESCROW CHANGE   NEW ESC | | | | 607.56 | | |
| 03/17/08 02/01/08 | | | | 59.91 | | |
| *GENR LT CHRG* | GLTC | | | 59.91 | | |
| 03/18/08 03/01/08 | | | | 1,497.74 | 622.05- | 461.48 | 414.21 |
| PAYMENT | 0011 | | | | | |
| 03/18/08 03/01/08 | | | | 414.21- | 0.00 | 0.00 | 414.21- |
| *GEN ES OD A/R* | GEAD | | | | | |
| 04/16/08 03/01/08 | | | | 67.64 | | |
| *GENR LT CHRG* | GLTC | | | 67.64 | | |
| 05/15/08 03/01/08 | | | | 20.00 | | |
| PP FEE | 4003 | | | 20.00 | | |
| 05/15/08 03/01/08 | | | | 20.00 | | |
| PP FEE PMT | 4004 | | | 20.00- | | |
| 05/15/08 04/01/08 | | | | 1,691.09 | 624.90- | 458.63 | 607.56 |
| PAYMENT | 0011 | | | | | |
| 05/15/08 04/01/08 | | | | 607.56- | 0.00 | 0.00 | 607.56- |
| *GEN ES OD A/R* | GEAD | | | | | |
| 05/16/08 04/01/08 | | | | 67.64 | | |
| *GENR LT CHRG* | GLTC | | | 67.64 | | |
| 06/13/08 04/01/08 | | | | 344.38 | | 344.38 |
| UNAP CR CASH | 0911 | | | | | |
| 06/13/08 04/01/08 | | | | 20.00 | | |
| PP FEE | 4003 | | | 20.00 | | |
| 06/13/08 04/01/08 | | | | 20.00 | | |
| PP FEE PMT | 4004 | | | 20.00- | | |
| 06/13/08 05/01/08 | | | | 1,691.09 | 627.77- | 455.76 | 607.56 |
| PAYMENT | 0011 | | | | | |
| 06/13/08 05/01/08 | | | | 286.34- | 0.00 | 0.00 | 286.34- |
| *GEN ES OD A/R* | GEAD | | | | | |
| 06/16/08 05/01/08 | | | | 67.64 | | |
| *GENR LT CHRG* | GLTC | | | 67.64 | | |
| 07/16/08 05/01/08 | | | | 67.64 | | |
| *GENR LT CHRG* | GLTC | | | 67.64 | | |
| 08/15/08 05/01/08 | | | | 25.00 | | |
| DEL INSP ASSESS | 1003 | | | 25.00 | | |
| 08/16/08 05/01/08 | | | | 67.64 | | |
| *GENR LT CHRG* | GLTC | | | 67.64 | | |

# Chase Home Finance, LLC
## Post-Petition Payment History

| Loan #: | 1793089218 | Debtor's Name: | Fertil, Eswald | | Prepared By: | Kelli Karas |
|---|---|---|---|---|---|---|
| Case #: | 08-06209 | Notes: | Payments on POC: (6/08 - 10/08) | | | |
| Date Filed: | 10/8/08 | | | | Last Updated: | 4/22/10 |

### History of Post-Petition Payment Breakdown

| Effective Date | Total | | P&I Payment | | Escrow | Optional Escrow | Check # / NSF / Notes | | Subsidy | | Government (FHA & VA) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| September-07 | $ | 1,497.74 | $ | 1,083.53 | $ 414.21 | | | | | | Delinquent? |
| April-08 | $ | 1,691.09 | $ | 1,083.53 | $ 607.56 | | | | | $ | 1,083.53 |
| December-08 | $ | 1,424.40 | $ | 1,083.53 | $ 340.87 | | | | | | Variable Interest? |
| December-09 | $ | 1,421.04 | $ | 1,083.53 | $ 337.51 | | | | | | no |
| | $ | | | | | | | | | | Contract Loan? |
| | $ | | | | | | | | | | no |

| Date Received | Amount Received | | Payment Amount | Post-Petition Date Paid | To / From Suspense | | Post-Petition Suspense (Total Due) | |
|---|---|---|---|---|---|---|---|---|
| | | | | | $ | | $ | - |
| 3/10/10 | $ | 902.62 | | | $ | 902.62 | $ | 902.62 |
| 4/13/10 | $ | 902.62 | | | $ | 902.62 | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |
| | | | | | $ | - | $ | 1,805.24 |